# CASES

DETERMINED IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF VERMONT.

---

CALEDONIA COUNTY, SEPTEMBER TERM,
A. D. 1801.

---

ENOCH WOODBRIDGE, *Chief Judge.*
LOTT HALL, } *Assistant Judges.*
NOAH SMITH, }

---

## STATE *against* A. W.

On an indictment for forgery under the 18th section of the act for the punishment of certain capital and other high crimes and misdemeanors, the promisor of a note alleged by the Grand Jury to have been forged, cannot be admitted as a witness.

THIS was an indictment for forging a promissory note *contra formam statuti.*

On trial the promisor of the note was offered as a witness on behalf of the State.

The counsel for the prisoner objected to his competency.

It has been uniformly decided, that on an indictment for forgery under the 5th *Eliz.* c. 14. the person

injured, or, as the statute expresses it, *aggrieved*, by the forgery, cannot be a witness on the trial. The reason is given by Sergeant *Hawkins* in his *Pleas of the Crown*, vol. 2. c. 46. because he may have an action on the statute.

State
v.
A. W.

Our statute against forgery is grounded on the statute of *Elizabeth*, combining the 2d and 7th of *Geo.* II. c. 25. and 22. excepting the punishment of death and certain provisoes relative to the proceedings of the *English* Ecclesiastical Courts. Like the statute of *Elizabeth* it gives a compensation to the *party grieved;* and we therefore consider the payer of a note said to be forged cannot be admitted as a witness in the prosecution of him who is charged with the forgery.

*Vermont* Stat. vol. 1. p. 337.

*Per Curiam.* It has been invariably decided in this Court, that " *the party aggrieved*" by a forgery cannot be a witness against a person indicted for the crime. It is a general rule, that where the law gives a compensation to the sufferer by a crime, the person injured cannot be admitted as a witness to convict the accused. It is no exception to this rule, that the person from whom goods are stolen, though entitled to treble damages by the statute, may be admitted to testify on the trial of one charged with the theft; for he is only permitted to testify as to the possession and loss of property, not that the accused stole it, or that it was found in his possession, or indeed to any other circumstances, which may go to culpate the person on trial; and this *ex necessitate rei;* for the possession and loss of valuable property, money for

*State*
*v.*
*A. W.*

instance, may be frequently only known to the owner.

Witness incompetent.

Verdict not guilty,

*William Mattocks,* for the State.
*Tyler,* for the defendant.